MICHAEL C. CHRISTMAN (SBN 319758)
MACY'S LAW DEPARTMENT
11477 Olde Cabin Road, Suite 400
St. Louis, Missouri 63141
Telephone: (314) 342-6334
Facsimile: (314) 342-6366
Email: *michael.christman@macys.com*

Attorney for Defendants
MACY'S RETAIL HOLDINGS, LLC
and MACY'S, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SYKES, as an individual and on behalf of all employees similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MACY'S RETAIL HOLDINGS, LLC, dba MACY'S, an Ohio Limited Liability Company; MACY'S, INC., a Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. **'24CV0629 MMA SBC**<br><br>CLASS ACTION<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |

**TO THE HONORABLE JUDGES AND THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants MACY'S RETAIL HOLDINGS, LLC ("MRH") and MACY'S, INC. (collectively, "Defendants") hereby remove this case from the Superior Court of California for the County of San Diego to the United States District Court for the Southern District of California. In support of removal, Defendants state as follows:

## STATEMENT OF JURISDICTION

On February 29, 2024, Plaintiff Robert Sykes ("Plaintiff") filed a putative Class Action Complaint ("Complaint") against Defendants in the Superior Court of California, County of San Diego, Case No. 37-2024-00009502-CU-OE-CTL (the "State Court Action"). A true and correct copy of Plaintiff's Complaint is attached as Exhibit A. True and correct copies of Plaintiff's Summonses are attached as Exhibit B. True and correct copies of Plaintiff's filed Proofs of Service of Summons are attached as Exhibit C. True and correct copies of all other pleadings and papers Defendants are aware of having been filed in the State Court Action are attached as Exhibit D.

This case is removable under 28 U.S.C. § 1453(b) because it meets the requirements of the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) (hereinafter "CAFA"). There is no presumption against the removal of cases under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014); *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183-84 (9th Cir. 2015). On the contrary, courts are required to interpret CAFA's provisions broadly in favor of removal. *Jordan*, 781 F.3d at 1184. A defendant's notice of removal under CAFA need only contain a short and plain statement of the grounds for removal. *Dart Cherokee Basin Operating Co.*, 574 U.S. at 83-87.

///

1   This case qualifies as a "class action" in which the putative class includes at least 100 members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and one or more members of the putative class and one defendant are citizens of different states. *See* 28 U.S.C. § 1332(d). Consequently, this action is removable pursuant to 28 U.S.C. § 1453(b), which provides that a "class action" may be removed to federal court in accordance with 28 U.S.C. § 1446.

### A.  The Putative Class Includes At Least 100 Members

Plaintiff purports to bring this action on his own behalf and on behalf of "all non-exempt, hourly-paid employees currently and/or formerly employed by" MRH in California. Ex. A, Complaint, p. 2, ¶ 1. Regarding putative class members, Plaintiff alleges that "the Class is estimated to be greater than 200 individuals". Id. p. 15, ¶ 47(a). In actuality, there are many thousands of members in each of the putative classes proposed by Plaintiff. Accordingly, the number of putative class members exceeds CAFA's 100-member requirement.

### B.  The Amount in Controversy Exceeds $5,000,000, Exclusive of Interest and Costs

"The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (citation omitted). "In that sense, the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." *Id.* The removing defendant may rely on reasonable assumptions in estimating the amount in controversy for CAFA purposes. *Id.* at 922. An assumption may be reasonable if it is based on the allegations in the complaint. *Id.* at 925. However, the assumptions "need not be proven". *Id.* at 927. The defendant is not required to "prove it actually violated the law at the assumed rate." *Id.* "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 924-25 (citing *Dart Cherokee Basin Operating Co.*).

///

Plaintiff alleges class claims for failure to pay minimum wages (Labor Code § 1194), failure to pay overtime wages (Labor Code § 510), failure to provide meal periods and rest periods (Labor Code §§ 226.7 and 512), failure to provide accurate itemized wage statements (Labor Code § 226), failure to pay all wages due upon separation of employment (Labor Code §§ 201-203), failure to reimburse reasonable and necessary business expenses (Labor Code § 2802), and violation of the state Unfair Competition Law (Bus. & Prof. Code § 17200 et seq.). Ex. A, Complaint. As shown below, the amount placed in controversy by Plaintiff's claims against MRH[1] exceeds $5,000,000, exclusive of interest and costs.

### 1. Meal Period and Rest Period Claims

Under California law, a non-exempt hourly employee is entitled to one 10-minute duty-free paid rest period for a shift of 3.50 hours – 6 hours, two 10-minute duty-free paid rest periods for a shift of 6.01 hours – 10 hours, three 10-minute duty-free paid rest periods for a shift of 10.01 hours – 14 hours, and so on. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1029 (2012). Similarly, a non-exempt hourly employee is entitled to one 30-minute meal period after no more than 5 hours of work and a second 30-minute meal period after no more than 10 hours of work. *Id.* at 1049. An employee is entitled to a premium equal to one additional hour of pay at the employee's regular rate of compensation for each workday on which an employer deprives an employee of a legally compliant meal period or rest period. CAL. LABOR CODE § 226.7(c). The relevant period for calculating the amount in controversy for these claims is three years because the statute of limitations for meal period and rest period claims is three years. CAL. CODE CIV. PROC. § 338(a); *Leon v. Bedabox, LLC*, No. 20-2291, 2021 U.S. Dist. LEXIS 19933, *8 (C.D. Cal. Feb. 2, 2021).

///

---

[1] MRH, which is a wholly-owned, first-tier subsidiary of Macy's, Inc., operates the Macy's retail department stores in California and was Plaintiff's employer. Macy's, Inc. is a publicly-traded holding company and does not have any employees.

The Complaint alleges MRH had a "policy and practice" of depriving Plaintiff and putative class members of legally compliant meal periods and rest periods. Ex. A, Complaint, pp. 9-10, ¶¶ 32-33. The Complaint further alleges that MRH "systematically" deprived Plaintiff and putative class members of legally compliant meal periods and rest periods. *Id.* p. 8, ¶ 25 and p. 18, ¶ 55.

For the purpose of determining the amount in controversy, "[d]istrict courts have found assuming violations rates between 25% to 60% reasonable where a complaint alleges a 'policy and practice.'" *Cavada v. Inter-Continental Hotels Grp., Inc.*, No. 19-1675, 2019 U.S. Dist. LEXIS 190302, *11, 19 (S.D. Cal. Nov. 1, 2019) (citing cases). *See also Oda v. Gucci Am., Inc.*, No. 14-7468, 2015 U.S. Dist. LEXIS 1672, *10 (C.D. Cal. Jan. 7, 2015) (assumption of 50% violation rate was reasonable based on "policy" and "practice" allegations); *Johnson v. Bamia 2 LLC*, No. 22-548, 2022 U.S. Dist. LEXIS 131065, *8-9 (E.D. Cal. July 22, 2022) (assumption of two missed meal periods and two missed rest periods per week was reasonable based on "policy" and "practice" allegations); *Mortley v. Express Pipe & Supply Co.*, No. 17-1938, 2018 U.S. Dist. LEXIS 18761, *9-12 (C.D. Cal. Feb. 5, 2018) (same); *Andrade v. Beacon Sales Acquisition, Inc.*, No. 19-6963, 2019 U.S. Dist. LEXIS 171460, *11 (C.D. Cal. Oct. 1, 2019) (same); *Ogaz v. Honeywell Int'l, Inc.*, No. 21-739, 2021 U.S. Dist. LEXIS 126574, *15-16 (C.D. Cal. July 7, 2021) (assumption of 25% violation rate for meal period and rest period claims was reasonable based on "policy" and "practice" allegations). Other courts have held that an allegation of a "policy" or "practice" warrants the assumption of at least one alleged meal period violation per week and one alleged rest period violation per week. *Serrieh v. Jill Acquisition LLC*, No. 23-292, 2023 U.S. Dist. LEXIS 226785, *7-10 (E.D. Cal. Dec. 19, 2023); *Rivera v. Agreserves, Inc.*, No. 23-393, 2023 U.S. Dist. LEXIS 141442, *15-16 (E.D. Cal. Aug. 14, 2023); *Wicker v. ASC Profiles LLC*, No. 19-2443, 2021 U.S. Dist. LEXIS 61365, *9-10 (E.D. Cal. Mar. 29, 2021); *Bermejo v. Lab. Corp. of Am.*, No. 20-5337, 2020 U.S. Dist. LEXIS 204311, *13-14 (C.D. Cal. Nov. 2, 2020); *Biag v. King George – J&J Worldwide Servs.*

*LLC*, No. 20-307, 2020 U.S. Dist. LEXIS 129528, *21-22 (S.D. Cal. July 22, 2020); *Garza v. Brinderson Constructors, Inc.*, 178 F. Supp. 3d 906, 911-12 (N.D. Cal. 2016).

MRH's non-exempt hourly employees in California are paid weekly. According to MRH's records, during the three year period before the filing of Plaintiff's Complaint (March 1, 2021 – February 29, 2024), there were more than 1,780,000 pay periods (i.e., workweeks) in which MRH's non-exempt hourly employees in California worked at least one shift of 5.01 hours or more. Assuming for the ease of calculation that each employee's regular rate of compensation is the minimum hourly wage in California as of January 1, 2021 ($14.00 per hour – *see* CAL. LABOR CODE § 1182.12(b)(1)(E)), and assuming for removal purposes that there was at least one meal period violation per pay period, the amount in controversy for Plaintiff's meal period claim is $24,920,000 (1,780,000 x $14).

According to MRH's records, during the three year period before the filing of Plaintiff's Complaint (March 1, 2021 – February 29, 2024), there were more than 1,880,000 pay periods (i.e., workweeks) in which MRH's non-exempt hourly employees in California worked at least one shift of 3.5 hours or more. Assuming for the ease of calculation that each employee's regular rate of compensation is the minimum hourly wage in California as of January 1, 2021 ($14.00 per hour – *see* CAL. LABOR CODE § 1182.12(b)(1)(E)), and assuming for removal purposes that there was at least one rest period violation per pay period, the amount in controversy for Plaintiff's rest period claim is $26,320,000 (1,880,000 x $14).

**2.      Minimum Wage Claim**

Labor Code § 1197 states that the minimum wage is that set by any applicable state or local law. CAL. LABOR CODE § 1197. Labor Code § 1182.12(b)(1) sets the minimum statewide wage. *Id.* § 1182.12. In 2021, the statewide minimum wage was $14.00 per hour. *Id.* § 1182.12(b)(1)(E). Labor Code § 1194(a) states that any employee receiving less than the legal minimum wage is entitled to recover the unpaid balance of the full amount of the minimum wage and liquidated damages in an amount equal to the

wages unlawfully unpaid. *Id*. §§ 1194(a), 1194.2(a). Minimum wage claims have a three-year statute of limitations. CAL. CODE CIV. P. § 338(a); *Leon*, 2021 U.S. Dist. LEXIS 19933, *8.

Plaintiff's minimum wage claim is pled on behalf of all putative class members. Plaintiff's Complaint alleges that "Throughout the Class Period, Defendants maintained a policy and practice of requiring Plaintiff and Class Members to perform work 'off-the-clock'." Ex. A, Complaint, p. 9, ¶ 31 and p. 18-19, ¶ 56. Plaintiff's Complaint seeks recovery of unpaid wages and liquidated damages. *Id*. at p. 19, ¶¶ 58-59, Prayer for Relief at p. 28.

Courts assume that at least one hour of unpaid minimum wages per employee per workweek is a reasonable amount in controversy when the plaintiff alleges the defendant has a policy or practice of depriving class members from receiving their minimum wages. *Serrieh*, 2023 U.S. Dist. LEXIS 226785, *19; *Demaria v. Big Lots Stores – PNS, LLC*, No. 23-296, 2023 U.S. Dist. LEXIS 176567, *16 (E.D. Cal. Sept. 29, 2023); *Cabrera v. S. Valley Almond Co., LLC*, No. 21-748, 2021 U.S. Dist. LEXIS 240881, *24 (E.D. Cal. Dec. 16, 2021).

MRH's non-exempt hourly employees in California are paid weekly. As noted above, according to MRH's records, during the three year period before the filing of Plaintiff's Complaint (March 1, 2021 – February 29, 2024), there were more than 1,880,000 pay periods (i.e., workweeks) in which MRH non-exempt hourly employees in California worked at least one shift of 3.5 hours or more. Assuming for the ease of calculation that each employee was paid the minimum hourly wage in California as of January 1, 2021 ($14.00 per hour – *see* CAL. LABOR CODE § 1182.12(b)(1)(E)), and assuming for removal purposes that there was at least one hour of unpaid minimum wages per pay period, the amount in controversy for Plaintiff's minimum wage claim is $52,640,000 ((1,880,000 x $14 = $26,320,000 minimum wages) + (1,880,000 x $14 = $26,320,000 liquidated damages)). *See Rapisura v. BMW of N. Am., LLC*, No. 22-455, 2022 U.S. Dist. LEXIS 88600, *7 (E.D. Cal. May 17, 2022) (adding minimum wage

and liquidated damage estimates for the total minimum wage amount in controversy).

### 3. Wage Statement Claim

Labor Code § 226 requires employers to provide wage statements to employees. CAL. LABOR CODE § 226(a). Section 226 allows an employee who prevails on a wage statement claim to recover the greater of all actual damages or statutory penalties. *Id.* § 226(e). Regarding statutory penalties, employees suffering injury resulting from a knowing and intentional failure to comply with Labor Code § 226(a) are entitled to $50 for the initial violation and $100 for each subsequent violation, not to exceed a maximum of $4,000. *Id.*

Plaintiff seeks to recover statutory penalties under his wage statement claim. Ex. A, Complaint, p. 29, Prayer for Relief. The statute of limitations on penalty claims under Labor Code § 226(e) is one year. CAL. CODE CIV. P. § 340(a); *Monteon v. M.A.C. Cosmetics, Inc.*, No. 18-3952, 2018 U.S. Dist. LEXIS 112862, *7 (C.D. Cal. July 5, 2018) ("The statute of limitations for penalties under section 226(e)(1) is one year."); *Zimmerman v. Comcast Corp.*, No. 15-8224, 2016 U.S. Dist. LEXIS 162806, *32-33 (C.D. Cal. Nov. 22, 2016) (holding statute of limitations on wage statement penalty claims is one year).

Plaintiff alleges "During the Class Period, Defendants failed to furnish Plaintiff and Class Members with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including employees' total hours worked, correct hours worked, correct wages earned for hours worked, correct overtime hours worked, correct wages for meal periods that were not provided in accordance with California law, correct wages for rest periods that were not authorized and permitted to take in accordance with California law)." Ex. A, Complaint, p. 12, ¶ 40. Accordingly, Plaintiff's wage statement claim is derivative of his meal period, rest period, and minimum wage claims. *Id.* When, as here, a wage statement claim is derivative of a meal period claim, rest period claim, or minimum wage claim and those claims allege at least one violation per pay period, every wage statement is alleged to be

inaccurate and a 100% violation rate is appropriate. *Serrieh*, 2023 U.S. Dist. LEXIS 226785, *15; *Cavada*, 2019 U.S. Dist. LEXIS 190302, *23-24; *Cabrera*, 2021 U.S. Dist. LEXIS 240881, *31-32; *Johnson*, 2022 U.S. Dist. LEXIS 131065, *11-12; *Wicker*, 2021 U.S. Dist. LEXIS 61365, *12-13; *Bermejo*, 2020 U.S. Dist. LEXIS 204311, *17-18; *Noriesta v. Konica Minolta Bus. Sols. U.S.A., Inc.*, No. 19-839, 2019 U.S. Dist. LEXIS 227644, *19 (C.D. Cal. June 21, 2019).

According to MRH's records, during the one year period before the filing of Plaintiff's Complaint (March 1, 2023 – February 29, 2024), there were more than 620,000 pay periods (i.e., workweeks) in which non-exempt hourly MRH employees in California worked at least one shift of 3.5 hours or more. MRH's non-exempt hourly employees in California are paid weekly and receive a wage statement each week. Conservatively assuming the statutory penalty under Labor Code § 226(e) for each alleged weekly wage statement violation is the $50 penalty for initial violations (*see Cortez v. United Natural Foods, Inc.*, No. 18-4603, 2019 U.S. Dist. LEXIS 31540, *15-16 (N.D. Cal. Feb. 27, 2019)), no employee would receive the maximum $4,000 statutory penalty because the amount of penalties that any one employee could receive would be capped at $2,600 (i.e., the number of weeks in that one-year period (52) multiplied by $50). With that assumption, and assuming a 100% violation rate for removal purposes, the total amount in controversy for Plaintiff's wage statement claim would be at least $31,000,000 (620,000 wage statements x $50).

### 4. Waiting Time Penalties Claim

Labor Code § 203 provides that if an employer fails to pay the wages of an employee in accordance with Labor Code §§ 201-202, the employee's wages continue as a penalty from the due date at the same rate until paid or an action is commenced, up to a maximum of 30 days. CAL. LABOR CODE § 203(a). The "waiting time penalty" is "equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days." *Mamika v. Barca*, 68 Cal. App. 4th 487, 493 (1998); *Drumm v. Morningstar, Inc.*, 695 F. Supp. 2d 1014, 1018 (N.D. Cal. 2010). Waiting time penalty

claims have a three-year statute of limitations. CAL. LABOR CODE § 203(b).

For the waiting time penalties claim, Plaintiff's Complaint defines the subclass as Plaintiff and other non-exempt hourly MRH employees in California "who ended their employment with Defendants during the Class Period". Ex. A, Complaint, p. 24, ¶ 86. This claim is derivative of Plaintiff's minimum wage, overtime, meal period, and rest period claims. *Id.* ¶ 87. Plaintiff alleges that "To date, Class Members who ended their employment with Defendants during the Class Period have not been compensated for all hours worked." *Id.* ¶ 88.

Based on these allegations, it is reasonable to assume for removal purposes that all non-exempt hourly MRH employees who were terminated in the three years preceding the filing of the Complaint would be entitled to recovery of waiting time penalties. *See Demaria*, 2023 U.S. Dist. LEXIS 176567, *18; *Noriesta*, 2019 U.S. Dist. LEXIS 227644, *19; *Johnson*, 2022 U.S. Dist. LEXIS 131065, *11-12; *Bermejo*, 2020 U.S. Dist. LEXIS 204311, *15-16. Furthermore, through these allegations, Plaintiff is alleging that he and the other terminated non-exempt hourly employees are entitled to the maximum 30 days of waiting time penalties. Ex. A, Complaint, p. 24, ¶ 88. *See also Altamirano v. Shaw Indus., Inc.*, No. 13-939, 2013 U.S. Dist. LEXIS 84236, *34 (N.D. Cal. June 14, 2013) ("as there is nothing in the complaint or the record to suggest that Defendants paid employees these unpaid wages at some point during the month after they separated from employment, awarding penalties for the entire 30 pay period is reasonable."); *Bermejo*, 2020 U.S. Dist. LEXIS 204311, *15 ("Because Plaintiff does not allege that Defendant has paid any unpaid wages, Defendant's use of the maximum 30-day penalty is reasonable.").

According to MRH's records, more than 40,000 non-exempt hourly MRH employees in California separated from their employment with MRH during the three-year period before the Complaint was filed and thus would constitute putative class members in Plaintiff's proposed subclass for the waiting time penalties claim. As noted above, the minimum hourly wage in California starting January 1, 2021 was $14.00 per

hour. Conservatively assuming each of the putative members of the waiting time penalties subclass received at least 1 hour of pay at the $14.00 per hour minimum wage as the daily wage, the amount in controversy for Plaintiff's waiting time penalty claim is at least $16,800,000 (40,000 x $14 x 30 days).

### 5. Business Expense Reimbursement Claim

Labor Code § 2802 requires employers to reimburse employees for reasonable and necessary expenditures incurred by the employees in direct consequence of the discharge of the employees' duties. CAL. LABOR CODE § 2802(a). Business expense reimbursement claims are subject to a three-year statute of limitations. *Brandon v. Amtrak*, No. 12-5796, 2013 U.S. Dist. LEXIS 29111, *5-6 (C.D. Cal. Mar. 1, 2013).

Plaintiff's expense reimbursement claim is pled on behalf of all putative class members. Plaintiff's Complaint alleges "Defendants also failed to indemnify Plaintiff and Class Members all necessary expenditures incurred in direct discharge of their duties without reimbursement. During the Class Period, Plaintiff and Class Members were required to use their personal computers, personal cell phones and home internet to check their schedule changes after the scheduled shift hours without reimbursement. Plaintiff and Class Members incurred these substantial expenses as a direct result of performing their job duties for Defendants, and Defendants have failed to indemnify Plaintiff and Class Members for these employment-related expenses." Ex. A, Complaint, p. 11, ¶ 35. Plaintiff's Complaint further alleges "Defendants had a corporate practice and policy of requiring Plaintiff and Class to shoulder the burden of Defendants' cost of doing business by failing to reimburse Plaintiff and Class for necessary expenditures." *Id.* p. 25, ¶ 95. Analogous allegations have been held to support the assumption of unreimbursed business expenses of $20-25 per month per putative class member. *Cavada*, 2019 U.S. Dist. LEXIS 190302, *20-22; *Vallejo v. Sterigenics U.S., LLC*, No. 20-1788, 2021 U.S. Dist. LEXIS 122570, *16-17 (S.D. Cal. June 29, 2021).

According to MRH's records, during the period March 1, 2021 – February 29,

2024, collectively there were more than 500,000 calendar months in which non-exempt hourly MRH employees in California worked at least one shift. Assuming $20 per month of unreimbursed business expenses, the amount in controversy for Plaintiff's business expense reimbursement claim would be at least $10,000,000 (500,000 x $20).

As the foregoing shows, the amount in controversy for Plaintiff's putative class claims against Defendants is at least **$161,680,000** ($24,920,000 + $26,320,000 + $52,640,000 + $31,000,000 + $16,800,000 + $10,000,000) and thus exceeds the $5,000,000 amount in controversy threshold for the purpose of CAFA jurisdiction. Furthermore, this amount does not include the amounts in controversy for Plaintiff's overtime claim or claim for attorney fees. Thus, CAFA's amount in controversy requirement is satisfied.

C.  **Defendants and One or More Putative Class Members Are Citizens of Different States**

An individual person's citizenship is established by where that person is domiciled. *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L. Ed. 360 (1915); *Marin v. Target Corp.*, No. 20-3502, 2020 U.S. Dist. LEXIS 164554, *4 (C.D. Cal. Sept. 9, 2020). A person is domiciled in a location "where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). "The intention to remain may be established by factors such as: current residence; voting registration and practices; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes." *Kyung Park v. Holder*, 572 F.3d 619, 624-25 (9th Cir. 2009) (citing *Lew*, 797 F.2d at 750).

Plaintiff is a citizen of the State of California. Plaintiff alleges in the Complaint that he is a resident of California who worked for MRH in California. Ex. A, Complaint, p. 4, ¶¶ 9-10. Residence is *prima facie* evidence of domicile for the purpose of

determining citizenship. *Saldana v. Home Depot USA, Inc.*, No. 16-484, 2016 U.S. Dist. LEXIS 80064, *5 (E.D. Cal. June 20, 2016); *Arellano v. Wal-Mart Stores, Inc.*, No. 17-5134, 2017 U.S. Dist. LEXIS 150368, *9 (C.D. Cal. Sept. 14, 2017); *Anderson v. Watt*, 138 U.S. 694, 706, 11 S. Ct. 449, 34 L. Ed. 1078 (1891) ("The place where a person lives is taken to be his domicil until facts adduced establish the contrary, and a domicil when acquired is presumed to continue until it is shown to have been changed").

Plaintiff is domiciled in California. From October 31, 2023 until December 1, 2023, MRH employed Plaintiff at MRH's retail store in San Diego, California. See also Ex. A, Complaint, p. 4, ¶ 10 (alleging "Plaintiff worked as a sales associate from October [] 2023 to December 1, 2023 in San Diego County."). Plaintiff's federal W-2 Wage and Tax Statement for 2023 and employment wage statements for 2023 list a residential address for Plaintiff in San Diego, California. Plaintiff is a citizen of California because he has lived, worked, paid taxes, and remained in California on a permanent or indefinite basis.

Furthermore, many non-exempt hourly employees of MRH in California live, work, pay taxes, and remain in California on a permanent or indefinite basis and therefore are citizens of California and would be considered putative class members. Accordingly, Defendants are informed and believe, and on that basis allege, that all purported class members are citizens of California. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

For purposes of removal under CAFA, the citizenship of a limited liability company is analyzed as an "unincorporated association" under 28 U.S.C. § 1332(d)(10). *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 704 (4th Cir. 2010); *Ramirez v. Carefusion Res., LLC,* No. 18-2852, 2019 U.S. Dist. LEXIS 112995, *5 (S.D. Cal. July 1, 2019). CAFA states "[f]or purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). For removal purposes under CAFA, Defendant MRH is deemed

to be a citizen of the State of Ohio and the State of New York because MRH is a limited liability company organized under the laws of the State of Ohio and its principal place of business is located in New York, New York.[2]

For diversity jurisdiction purposes, a corporation is deemed to be a citizen of the state in which it is incorporated as well as the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010) (holding "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'"); *Roy v. Scholastic Book Fairs, Inc.*, No. 20-2547, 2020 U.S. Dist. LEXIS 91613, *6 (C.D. Cal. May 26, 2020) (citing *Hertz*). Defendant Macy's, Inc. is a citizen of the State of Delaware and State of New York because at all relevant times Macy's, Inc. has been and is incorporated in Delaware and has had and presently has its principal place of business in New York, New York.

There is complete diversity of citizenship in accordance with 28 U.S.C. § 1332(d) because Defendants are not and were not citizens of California and therefore at least one defendant is a citizen of a State different from at least one member of the putative class of plaintiffs. *See* 28 U.S.C. § 1332(d)(2)(A).

### **REMOVAL IS TIMELY**

This Notice of Removal of Action is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is being filed within 30 days of Plaintiff's service of the Summonses and Complaint on Defendants. The Summonses and Complaint were served on Defendants

---

[2] MRH is not a citizen of California outside CAFA either. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding, in a non-CAFA case, that a limited liability company is deemed to be a citizen of every state of which its members are citizens). Outside CAFA, MRH would be deemed a citizen of Delaware and New York because (i) MRH's sole member is Macy's, Inc., and (ii) Macy's, Inc. is a citizen of the State of Delaware and State of New York because at all relevant times Macy's, Inc. has been and is incorporated in Delaware, and has had and presently has its principal place of business in New York, New York.

on March 4, 2024. *See* Ex. C.

## VENUE

Venue is proper in this district and division because the Superior Court of California, County of San Diego is located within the federal Southern District of California and this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## NOTICE TO PLAINTIFF AND TO THE
## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

In accordance with 28 U.S.C. § 1446(d), Defendants will provide written notice of the filing of this Notice of Removal of Action to Plaintiff's counsel and file this Notice of Removal of Action with the Clerk of the Superior Court of California, County of San Diego.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants remove this case from the Superior Court of California, County of San Diego to the United States District Court for the Southern District of California.

Dated: April 2, 2024

Respectfully submitted,

MACY'S LAW DEPARTMENT

By: /s/ *Michael C. Christman*
      Michael C. Christman

Attorney for Defendants
MACY'S RETAIL HOLDINGS, LLC
and MACY'S, INC.